## ISAACSON v. WOLFENSOHN.

(Supreme Court, Appellate Term. November 6, 1903.)

1. LANDLORD AND TENANT—SURRENDER—PRESUMPTION AS TO ACCEPTANCE—RELETTING.

The acceptance of a surrender is a matter of defense to an action for rent; and where the tenant fails to show the time and period of a reletting by the landlord during the term, it will not be presumed to have been made at such time as to constitute an acceptance.

2. SAME—CREDIT IN RENT.

Money received by a landlord on a reletting of the premises during the term to a third person must, in an action for rent, be credited to the tenant.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action for rent by Isaac Isaacson against Nathan Wolfensohn. Judgment for plaintiff, and defendant appeals. Modified.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Charles Dushkind, for appellant.
Jacob S. Strahl, for respondent.

BISCHOFF, J. The evidence does not show an acceptance of the tenant's surrender of the premises, and the justice was authorized to find the facts as to the terms of the lease and the tenant's default in the plaintiff's favor. It appears, however, from the plaintiff's testimony, that he relet the premises for some time during the term, and received $9. We are not to assume that this reletting was at the beginning of the term for which rent was claimed in this action, and thus hold the plaintiff to an election to accept the defendant's surrender, for this was matter of defense, and the defendant failed to show the time and period of the reletting; but, if there was no surrender and acceptance, the reletting during the term was at least for the tenant's account, one or the other contingency being necessarily involved. See Gray v. Kaufman Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327. We may assume (the defendant not having proven the date) that the reletting was at the end of the term, but, the fact of reletting being admitted, the justice should have credited the amount which the plaintiff thus received.

Judgment reversed and new trial ordered, with costs to appellant to abide the event, unless respondent stipulate to reduce the damages to $31, in which event the judgment will be affirmed, without costs. All concur.